NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIKE PEREZ, | : | **Hon. Robert B. Kugler** |
| Plaintiff, | : | Civil Action No. 06-2080 (RBK) |
| v. | : | |
| FED. BUREAU OF PRISONS, | : | **O P I N I O N** |
| Defendant. | : | |

**APPEARANCES:**

    MIKE PEREZ, #47688-066, Plaintiff Pro Se
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640

**KUGLER**, District Judge

Plaintiff Mike Perez, an inmate confined at the Federal Correctional Center at Fort Dix, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the Bureau of Prisons ("BOP") to deduct an initial partial filing fee from Plaintiff's institutional account and forward same to the Clerk, when funds exist; and (5) directs the BOP to forward payments from his institutional account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having screened Plaintiff's allegations pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismisses the Complaint.

# I.  BACKGROUND

Plaintiff asserts that he has been serving a 360-month term of imprisonment for conspiracy to distribute cocaine, distribution of cocaine, unlawful use of a telephone, money laundering, and aiding and abetting.  He alleges that on August 19, 2005, John Nash, Warden at F.C.I. Fort Dix, imposed a Telephone Restriction limiting Plaintiff to one social call per week.  He asserts that the Warden imposed the Telephone Restriction on the ground that Plaintiff's current offense involves unlawful use of telephone.  Plaintiff states that he filed a request for administrative remedy under the Administrative Remedy Program, which the BOP denied at all levels.  Specifically, on November 1, 2005, D. Scott Dodrill, Regional Director of the BOP, denied Plaintiff's appeal in relevant part as follows:

> Records indicate you received a 360-month sentence for Conspiracy to Distribute Cocaine, Distribution of Cocaine, Unlawful Use of a Telephone, Money Laundering and Aiding and Abetting.  Your Pre-Sentence Report indicates you were categorized as a leader/organizer of the criminal activity that involved five or more participants.  During the course of the conspiracy, telephones were frequently used to further criminal activity.  Based on the above factors, the Warden approved a limitation of one social telephone call per week.  The need for this restriction will be reviewed by your unit team during your regularly scheduled program reviews.  We find the Warden properly exercised discretion in this matter.  Accordingly, your appeal is denied.

(Mike Perez, Reg. No. 47688-066, Appeal No. 387934-R1, dated Nov. 1, 2005.)

On January 13, 2006, Harrell Watts, Administrator, National Inmate Appeals, also denied Plaintiff's appeal:

> Pursuant to P.S. 5100.07, you have been appropriately assigned a Serious Telephone Abuse PSF based upon your instant offense behavior that is detailed in the Warden and Regional Director's

> responses . . . We find the one social telephone call per week limitation imposed by the Warden is within his discretion and in accordance with policy. Your unit team will review your telephone restriction at your next program review, currently scheduled for February 2006.

(Administrative Remedy No. 387934-A1, dated Jan. 13, 2006.)

Plaintiff maintains that the limitation of his telephone calls to one social call per week solely on the basis of his conviction constitutes an additional criminal punishment which the BOP lacks the power to impose. Plaintiff further challenges the fairness of the restriction. He asserts that he has been incarcerated in various federal institutions since 1994, and he has not abused the telephone. In addition, he states that no other criminal facility has restricted his telephone use. He claims that the Telephone Restriction unnecessarily hinders his ability to maintain a close relationship with family members and others.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even

an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). The Supreme Court found an implied damages remedy available under the Fourth Amendment. See Bivens, 403 U.S. at 397. The Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual

Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980). To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his constitutional rights. Malesko, 534 U.S. at 66. The Court construes Plaintiff's Complaint as challenging the telephone service as not legally authorized and in violation of his rights under the First Amendment, Double Jeopardy Clause, and Eighth Amendment.

A.  Legal Authority

Regulations adopted by the BOP authorize the Warden to restrict an inmate's telephone use to one telephone call per week when the Warden determines that the restriction is necessary to ensure security or discipline, or to protect the public. Specifically, the regulation provides:

> (a) The Bureau of Prisons extends telephone privileges to inmates as part of its overall correctional management. Telephone privileges are a supplemental means of maintaining community and family ties that will contribute to an inmate's personal development. An inmate may request to call a person of his or her choice outside the institution on a telephone provided for that purpose. However, limitations and conditions may be imposed upon an inmate's telephone privileges to ensure that these are consistent with other aspects of the Bureau's correctional management responsibilities. In addition to the procedures set forth in this subpart, inmate telephone use is subject to those limitations which the Warden determines are necessary to ensure the security or good order, including discipline, of the institution or to protect the public. Restrictions on inmate telephone use may also be imposed as a disciplinary sanction (see 28 CFR part 541).
>
> (b) Except as provided in this rule, the Warden shall permit an inmate who has not been restricted from telephone use as the result of a specific institutional disciplinary sanction to make at least one telephone call each month.

28 C.F.R. § 540.100.

In addition, the Security Designation and Custody Classification Manual authorizes prison personnel to designate several Public Safety Factors which increase security on the basis of the inmate's criminal offense, e.g., Greatest Severity Offense, Sex Offender, Sentence Length, Violent Behavior, and Serious Telephone Abuse.  Program Statement 5100.07, Chapter 7, pp. 1-6.  The Public Safety Factor for Serious Telephone Abuse applies where "the inmate was involved in criminal activity facilitated by the telephone [as a] leader/organizer who utilized the telephone to conduct significant fraudulent activity (actual or attempted) in the community."  Id. at p. 6.

Plaintiff does not dispute his categorization as a leader or organizer of criminal activity of a cocaine distribution and money laundering scheme which utilized the telephone and involved several participants.  This Court finds that the BOP's restriction of Plaintiff's telephone use to one social call per week is authorized by the applicable regulation and program statement.

B.  First Amendment

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech."  U.S. Const. amend. I.  Although "prisoners do not forfeit all constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limit these retained constitutional rights."  Bell v. Wolfish, 441 U.S. 520, 545, 546 (1979).  Moreover, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Bell, 441 U.S. at 547.

The Supreme Court has chosen the most deferential standard of review for cases challenging prison regulations as violative of the Constitution.  Under that standard, "restrictive prison regulations are permissible if they are 'reasonably related to legitimate penological interests,' and are not an 'exaggerated response' to such objectives."  Beard v. Banks, 126 S. Ct. 2572, 2578 (2006) (quoting Turner v. Safley, 482 U.S. 78, 87 (1987)).  Moreover, it is established that a prisoner "has no right to unlimited telephone use."  Washington v. Reno, 35 F. 3d 1093, 1100 (6th Cir. 1994) (quoting Benzel v. Grammar, 869 F. 2d 1105, 1108 (8th Cir. 1989)).  An inmate's telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution."  Id. (quoting Strandberg v. City of Helena, 791 F. 2d 744, 747 (9th Cir. 1986)).

This Court holds that the Telephone Restriction of one social call per week is rationally related to security and rehabilitation, and not an exaggerated or unreasonable response to Plaintiff's criminal activity prior to incarceration.  See Beard v. Banks, 126 S. Ct. 2572 (2006) (holding that ban on all newspapers, magazines, and personal photographs for inmates housed in long term segregation unit does not violate First Amendment because it is rationally related to rehabilitation); Overton v. Bazzetta, 539 U.S. 126 (2003) (holding that ban on visitation for inmates who commit multiple substance-abuse violations is rationally related to security and rehabilitation).  Accepting Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, the Court finds that the Telephone Restriction of one social call per week does not violate Plaintiff's rights under the First Amendment.

C.  Double Jeopardy

Plaintiff asserts that the Telephone Restriction is an additional criminal punishment.  The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Three separate guarantees are "embodied in the Double Jeopardy Clause:  It protects against a second prosecution for the same offense after acquittal [or mistrial], against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." [1] Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 306-307 (1984); see also Illinois v. Vitale, 447 U.S. 410, 415 (1980).

The threshold question under the Clause is whether the challenged provision imposes "punishment."  Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1253 (3d Cir. 1966).  Plaintiff's double jeopardy claim fails, however, because the limitation on telephone calls to one social call per week is not an additional punishment beyond the incarceration imposed by Plaintiff's sentence.  As the Supreme Court explained in Overton v. Bazzetta, 539 U.S. 126, 132 (2003),

> The very object of imprisonment is confinement.  Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner.  An inmate does not retain rights inconsistent with proper incarceration.  And, as our cases have established, freedom of association is among the rights least compatible with incarceration.  Some curtailment of that freedom must be expected in the prison context.

---

[1] The primary goal of barring reprosecution after acquittal is to prevent the State from mounting successive prosecutions and thereby wearing down the defendant.  Id.; Green v. United States, 355 U.S. 184, 187-188 (1957).  The primary purpose of foreclosing a second prosecution after conviction is to prevent a defendant from being subjected to multiple punishments for the same offense.  Lydon, 466 U.S. at 307.

Overton, 539 U.S. at 131 (citations omitted).

D.  Eighth Amendment

Plaintiff also maintains that the restriction on telephone use constitutes cruel and unusual punishment in violation of the Eighth Amendment.  This claim fails, however, because Plaintiff was not deprived of a basic human need, see Wilson v. Seiter, 501 U.S. 294, 298 (1991), and, as outlined above, the sanction was rationally related to legitimate penological interests in security and rehabilitation.  As the Complaint does not show a violation of Plaintiff's federal rights, the Complaint is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the reasons set forth above, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.

    s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:     August  7,      2006